**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| FRANK SAN AGUSTIN, | ) Special Proceedings Case No. SP0061-19 |
| Petitioner, | ) |
| vs. | ) |
| DAFNE MANSAPIT-SHIMIZU in her official capacity as the DIRECTOR OF THE DEPARTMENT OF REVENUE AND TAXATION, | ) **DECISION AND ORDER** |
| Respondent. | ) |

## INTRODUCTION

This matter came before the Honorable Michael J. Bordallo on a Motion to Dismiss filed by Respondent Dafne Mansapit-Shimizu, in her official capacity as the Director of the Department of Revenue and Taxation ("DRT"). Attorney Braddock J. Huesman represents Petitioner Frank San Agustin ("San Agustin"). Assistant Attorney General David J. Highsmith represents DRT. Having considered the moving papers, arguments, record, and applicable law, the Court issues the following Decision and Order **GRANTING** DRT's Motion to Dismiss.

## FACTS

1. On February 26, 2016, San Agustin filed a Form 211 Whistleblower Complaint with DRT, alleging that a Guam taxpayer was avoiding taxes that it owed.

2. On August 29, 2018, former DRT Director John P. Camacho sent a letter to the taxpayer, stating that the taxpayer's business license could not be renewed due to the taxpayer's failure to make full payments of outstanding taxes, along with related interest and penalties.

Page **1** of **6**

3. On January 29, 2019, San Agustin sent DRT a demand for information, stating he was aware that DRT had suspended the taxpayer's business license and settled for an undisclosed amount of money.

4. On February 27, 2019, DRT sent a letter to San Agustin's counsel, thanking San Agustin for his information and stating an investigation had been undertaken. The letter provided: "The investigation concluded that no adjustments needed to be made to require the assessment of additional taxes, penalties, interest or other amounts for the tax years in question. Because of this, the case was closed."

5. On March 27, 2019, San Agustin initiated the current proceeding by filing an Appeal from the Denial of Petitioner's Whistleblower Award, requesting "a redetermination of the denial of the Whistleblower Complaint."

6. On June 12, 2019, DRT filed a Motion to Dismiss for failure to state a claim for which relief can be granted. On July 10, 2019, San Agustin filed his Opposition. DRT filed a Reply on July 24, 2019, and the Court took this matter under advisement on August 2, 2019.

## ISSUES

1. Whether San Agustin's Whistleblower Complaint is barred by sovereign immunity.

## LAW AND ANALYSIS

### a. Dismissal under Rule 12(b)(6)

When reviewing a Rule 12(b)(6) motion, a court must "construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor." *First Hawaiian Bank v. Manley*, 2007 Guam 2 ¶ 9. Dismissal is appropriate only when the non-moving party "can prove no set of facts in support of his claim which would entitle him to relief." *Taitano v. Calvo Fin. Corp.*, 2008 Guam 12 ¶ 9. A claim may also be dismissed because it either asserts a legal theory that is not cognizable or because it fails to allege sufficient facts to support a cognizable legal claim. *SmileCare Dental v. Group Delta Dental Plan of Cal. Inc.*, 88 F.3d 780, 783 (9th Cir. 1996).

### b. The Guam Whistleblower Act

Title 5 GCA § 37103 ("the Guam Whistleblower Act") provides for financial awards to whistleblowers who report underpayments of taxes. Under the Guam Whistleblower Act, if DRT proceeds with any administrative or judicial action for underpayment of taxes based on information brought to the Director's attention by a whistleblower, such individual shall receive as an award at least fifteen percent (15%), but not more than thirty percent (30%), of the collected proceeds (including penalties, interest, additions to tax, and additional amounts) resulting from the action or any settlement in response to such action. 5 GCA § 37103. The determination of the amount of such award by the Tax Enforcement Division of DRT shall depend upon the extent to which the whistleblower substantially contributed to such action. *Id.* Any determination regarding an award may be appealed to the Superior Court of Guam. 5 GCA § 37103(b)(4).

### c. Sovereign Immunity

In order for a lawsuit to be maintained against the Government of Guam, "sovereign immunity must be expressly waived by duly enacted legislation." *Bautista v. Agustin*, 2015 Guam 23 ¶ 18. *See also Gange v. Gov't of Guam*, 2017 Guam 2 ¶ 34 ("Waivers of sovereign immunity must be unequivocally expressed and are strictly construed."). The Guam Legislature, via the Government Claims Act, has specifically waived sovereign immunity for tort claims and actions that are contractual in nature. *See* 5 GCA §§ 6101 *et seq.*

The Guam Whistleblower Act gives this Court jurisdiction to hear administrative appeals from DRT's denial of whistleblower awards. "Any determination regarding an award under Paragraph (1), (2), or (3) may, within thirty (30) days of such determination, be appealed to the Unified Judiciary of Guam (and the Unified Judiciary of Guam shall have jurisdiction with respect to such matter)." This clause is found in Section 37103's federal progenitor, 26 U.S.C. § 7623 ("the Federal Whistleblower Act"), except that the federal law allows appeals to the Tax Courts, where the local law allows appeals to the Superior Court of Guam.

### 1. *Appeals based on the Whistleblower Act require a waiver of sovereign immunity.*

San Agustin argues that the present case is an administrative appeal which does not invoke sovereign immunity. The Court disagrees. A suit is considered "against the sovereign" if

the judgment sought would be paid out of the public treasury, or if the effect would be to restrain the government from acting or compel it to act. *Dugan v. Rank*, 372 U.S. 609, 620 (1963). As a successful appeal in San Agustin's case would create an obligation for monies to be paid from the public treasury, the Court finds that his appeal invokes sovereign immunity.

Support for DRT's position that the Whistleblower Act invokes sovereign immunity is also found in cases interpreting the act's federal counterpart. The Federal Whistleblower Act initially did not contain a section expressly providing for appeals to the Tax Court. While the Secretary of the Treasury had the discretion to pay awards under the Federal Whistleblower Act for information on the underpayment of taxes, the Sixth Circuit held that the Federal Whistleblower Act did not constitute a waiver of sovereign immunity and appeals based upon it therefore could not proceed. *Carelli v. I.R.S.*, 668 F.2d 902, 902 (6th Cir.1982). "[A]n award under [Section 7623] is entirely discretionary, unless there have been negotiations and an explicit agreement on the amount of an award." *Ward v. I.R.S.*, No. CV-02-01613 CAS JTLX, 2002 WL 1988186, at 2 (C.D. Cal. June 19, 2002). Following the precedent of federal courts denying whistleblower appeals absent a clear legislative waiver of sovereign immunity, the Court finds that appeals under the Guam Whistleblower Act also invoke sovereign immunity. The appeal therefore must be dismissed unless the Guam Legislature has clearly and validly waived sovereign immunity.

2. *The Guam Legislature has waived sovereign immunity for whistleblower appeals.*

Having found that appeals based on the Whistleblower Act require a waiver of sovereign immunity, the Court now must determine whether the Legislature has established such waiver. The *Carelli* case was decided by the Sixth Circuit before Congress amended the Federal Whistleblower Act to include the right to appeal an award to the Tax Court. PL 109–432, Dec. 20, 2006, 120 Stat 2922. Since this amendment, courts have held that that the Federal Whistleblower Act provides for a waiver of sovereign immunity which allows whistleblowers to bring suit to appeal their award determinations. *Cooper v. Comm'r*, 135 T.C. 70, 75 (2010). The Guam Legislature has included language in the Guam Whistleblower Act which gives the Superior Court jurisdiction to hear administrative appeals over DRT's denial of whistleblower awards. Subsection 37103(a)(4), titled "Appeal of Award Determination," constitutes an express

waiver of sovereign immunity and therefore provides for petitions such as the one filed by San Agustin.

### 3. *The Legislature's waiver of sovereign immunity for whistleblower appeals is inorganic.*

DRT argues that any statute authorizing a whistleblower award would violate the Organic Act. The Guam Legislature cannot enact statutes in derogation of the Organic Act. *In re Request of Governor Camacho*, 2003 Guam 16 ¶ 15.

With regards to waivers of sovereign immunity, Section 1421a of the Organic Act provides the following:

> The government of Guam shall have the powers set forth in this chapter, shall have power to sue by such name, and, with the consent of the legislature evidenced by enacted law, may be sued *upon any contract entered into with respect to, or any tort committed incident to*, the exercise by the government of Guam of any of its lawful powers.

Section 1421a (emphasis added). DRT argues that the Organic Act allows the Guam Legislature to waive sovereign immunity in cases of tort or breach of contract, but not in cases involving administrative appeals. The Court agrees. The Organic Act contains clear limiting language which bars the Guam Legislature from waiving sovereign immunity for any claims outside of tort or contract. The "Appeal of Award Determination" section of the Guam Whistleblower Act is inorganic, and therefore there has been no valid waiver of sovereign immunity which would allow for San Agustin's petition.

San Agustin argues that Guam's sovereign immunity does not flow from the Organic Act, but that the Organic Act merely affirms the immunity. The Ninth Circuit has held that Guam has inherent sovereign immunity independent of the Organic Act. "[C]ontrolling authority and the legislative history of the Organic Act compel our holding that the government of Guam has inherent sovereign immunity." *Marx v. Gov't of Guam*, 866 F.2d 294, 298 (9th Cir. 1989). While Guam may have inherent sovereign immunity outside of the Organic Act, that does not support San Agustin's argument that the limitations placed by Congress are therefore invalid. San Agustin's theory of Guam's inherent sovereign immunity would render the Organic Act's sovereign immunity clause unnecessary and inapplicable. San Agustin's theory would also allow the Court, upon a finding that Congress passed unnecessary legislation, to find that the Guam Legislature may enact laws which are in direct contradiction of the Organic Act. The

Court does not have such authority and therefore finds that the waiver of sovereign immunity contained in the Guam Whistleblower Act is inorganic.

Because the Court is dismissing based on sovereign immunity, it will not address the issue of whether San Agustin is seeking retroactive enforcement of 5 GCA § 37103.

## CONCLUSION AND ORDER

Because San Agustin's claim is barred by sovereign immunity, there is no set of facts in support of his claim which would entitle him to relief. Dismissal is therefore proper under Rule 12(b)(6). The Court **GRANTS** DRT's Motion to Dismiss.

SO ORDERED, this _____ day of _____ 2019.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

- Atty Braddock Husnan
- Asst. Atty Gen David Highsmith.

Date: 8-12-19 Time: 3:15

*Linda M. Perez*
Deputy Clerk, Superior Court of Guam